IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:07cr403–HEH
)
ANDRE C. CARTER, )
)
Petitioner. )

## MEMORANDUM OPINION
### (Dismissing Claims Two And Three And Referring Claim One For An Evidentiary Hearing)

Andre C. Carter ("Petitioner") has filed this motion pursuant to 28 U.S.C. § 2255. The United States has responded, the matter is ripe for disposition.

### I. Procedural History

On October 16, 2007, Petitioner was charged in a two-count indictment. Count One charged Petitioner with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(iii). Count Two charged Petitioner with possession with intent to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(C). On January 14, 2008, Petitioner appeared before the Court for a bench trial. At the conclusion of the trial, the Count found Petitioner guilty of simple possession of cocaine base and simple possession of heroin in violation of 21 U.S.C. § 844.

At sentencing, Petitioner had an advisory sentencing guidelines range of 77-96 months on Count One and a Restricted Guideline range of 36 months on Count Two. Counsel for Petitioner moved for a variance sentence of sixty months. The Count denied

the motion for a variance sentence and sentenced Petitioner to a total term of 84 months of imprisonment. Petitioner did not appeal.

## II. Petitioner's Grounds For 28 U.S.C. § 2255 Relief

Petitioner contends that he is entitled to relief upon the following grounds:

Claim One     Counsel failed to file an appeal.

Claim Two     Counsel failed to object and challenge Petitioner's conviction for simple possession of crack on the grounds that this offense was not a lesser included offense of possession with the intent to distribute five grams or more of crack (Count One).[1]

Claim Three     Counsel failed to challenge the Petitioner's guideline sentence on the grounds that it was not presumptively reasonable.

## III. Analysis

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that

---

[1] In Claim Two, as originally pled, Petitioner also asserted that counsel was deficient for failing to challenge Petitioner's conviction for simple possession of heroin. Petitioner has moved to amend Claim Two to omit any reference to his conviction for simple possession of heroin. Petitioner's motion to amend will be granted.

2

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Alleged Ineffective Assistance at Trial

In Claim Two, Petitioner faults counsel for not objecting to Petitioner's conviction on Count One on the grounds that simple possession of cocaine base was not a lesser included offense of possession with intent to distribute cocaine base. Petitioner relies on the pre-*Apprendi v. New Jersey*, 530 U.S. 466 (2000), decision from *United States v. Michael*, 10 F.3d 838, 839-42 (D.C. Cir. 1993). *Michael* holds that "§ 844(a) creates a separate crime for possession of cocaine base that requires proof of drug type and quantity as essential elements, and therefore the offense cannot be considered a lesser included crime of possession with intent to distribute, which does not require proof of those elements." *United States v. Thompson*, 245 F. App'x 279, 282 (4th Cir. 2007) (No. 06-4405) (describing the holding from *Michael* and similar cases in the Fifth, Sixth, and Tenth Circuits).[2] In the wake of *Apprendi*, however, both drug type and quantity are

---

[2] The pertinent portion of the statute reads:

Notwithstanding the preceding sentence, a person convicted under this subsection for the possession of a mixture or substance which contains cocaine

3

considered elements of a Section 841(a)(1) offense. Thus, Petitioner's conviction of simple possession of five grams of more of cocaine base was a lesser included offense of the charge of possession with intent to distribute five grams or more of cocaine base, which was charged in Count One of the Indictment. *See United States v. Lacy*, 446 F.3d 448, 454-55 (3d Cir. 2006) (concluding that, after *Apprendi,* simple possession of five grams of cocaine base is a lesser included offense of possession with intent to distribute five grams or more of cocaine base). Accordingly, Petitioner has failed to demonstrate that counsel was deficient or that he was prejudiced. Claim Two will be dismissed.

B. **Alleged Ineffective Assistance at Sentencing**

In Claim Three, Petitioner complains that counsel should have emphasized to the Court that, under *Rita v. United States*, 551 U.S. 338 (2007), a sentence pursuant to the advisory Sentencing Guidelines was not presumptively reasonable. Counsel made such arguments to the Court[3] and the Court was aware that a sentence within the Sentencing

---

> base shall be imprisoned not less than 5 years and not more than 20 years, and fined a minimum of $1,000, if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds 5 grams, if the conviction is after a prior conviction for the possession of such a mixture or substance under this subsection becomes final and the amount of the mixture or substance exceeds 3 grams, or if the conviction is after 2 or more prior convictions for the possession of such a mixture or substance under this subsection become final and the amount of the mixture or substance exceeds 1 gram.

21 U.S.C. § 844.

[3] "[F]ederal district court judges are required to consider all § 3553(a) factors and 'may not presume that the Guidelines range is reasonable.'" *United States v. Gall,* 552

Guidelines was not presumptively reasonable. Petitioner has failed to demonstrate deficiency or prejudice. Claim Three will be dismissed.

### C. Alleged Ineffective Assistance for Failing to File an Appeal

In Claim One, Petitioner faults counsel for failing to file an appeal. In an affidavit submitted subsequent to his initial § 2255 motion, Petitioner swears that he told his counsel, Robert Wagner, that he wished to appeal.

> I stated that I wanted to appeal and he stated something concerning the appeal, however because I was still emotionally up-set over the fact that I was going to prison, I was not listening to him and therefore I cannot now account for his statements. I do know that I did not hear the word "No"! Mr. Wagner then turned and left and I assumed we were going to appeal.

(Petr.'s Traverse Petr.'s Aff. ¶ 5.)

An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel. *See Roe v. Flores-Ortega,* 528 U.S. 470, 483-86 (2000). This is true even if the defendant has waived his right to appeal. The United States Court of Appeals for the Fourth Circuit has instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." *United States v. Poindexter,* 492 F.3d 263, 265, 272 (4th Cir. 2007). That is the case here. Accordingly, Claim One will

---

U.S. __, *11-12 (2007)." (Carter's Mot. for Variance Sentence 2.) "[N]or is a Guidelines sentence presumed to be reasonable at the district court level. *Rita v. United States,* __ U.S. __, 127 S. Ct. 2456, 2465 (2007); *Gall,* 552 U.S. at *11-12." (Carter's Mot. for Variance Sentence 4.)

5

be referred to the Honorable M. Hannah Lauck, United States Magistrate Judge, for all further proceedings, including an evidentiary hearing if necessary.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug 27 2010
Richmond, Virginia