IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　　　　　　　Criminal Action No. 3:07cr403

ANDRE C. CARTER,

　　　　Petitioner.

## REPORT AND RECOMMENDATION

This matter comes before the Court for an evidentiary hearing and a Report and Recommendation as to the Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") by Andre C. Carter, a federal prisoner. On March 23, 2011, the Court held an evidentiary hearing. The parties have submitted post-hearing proposed findings of fact and conclusions of law (Docket Nos. 52, 53), and the matter is ripe for disposition. For the following reasons, the Court RECOMMENDS that Carter's claim of ineffective assistance of counsel based on his attorney's failure to file an appeal be DISMISSED, and the § 2255 motion be DENIED.

## I. Factual and Procedural Background

On October 16, 2007, a federal grand jury indicted Carter on two counts. (Docket No. 1.) Count One charged Carter with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841. Count Two charged Carter with possession with the intent to distribute a detectable amount of heroin, in violation of 21 U.S.C. § 841. The Court appointed Federal Public Defender Robert Wagner to represent Carter throughout his criminal proceedings.

At a January 14, 2008 bench trial, the Honorable Henry E. Hudson found Carter guilty of the lesser included offenses of possession of five grams or more of cocaine base and possession of heroin, both in violation of 21 U.S.C. § 844.

On April 7, 2008, Carter filed a Motion for Variance Sentence. (Docket No. 23.) While sentencing guideline calculations resulted in an advisory sentencing range of 77 to 96 months on Count One, Carter moved for a downward variance, asking the Court to sentence him to the 60-month mandatory minimum term of imprisonment on Count One. (Mot. for Variance Sentence 1-2.)

On April 14, 2008, Judge Hudson denied Carter's Motion for Variance Sentence and sentenced Carter to a term of 84 months of imprisonment, consisting of 84 months on Count One and 36 months on Count Two to be served concurrently. (Docket No. 27.)

On April 21, 2009, the Court received Carter's § 2255 motion. (Docket No. 29.) Carter alleged various grounds of ineffective assistance of counsel. By Memorandum Opinion and Order entered August 30, 2010, the Court denied Carter's § 2255 motion as to all grounds, except his claim that his counsel failed to file an appeal. (Docket Nos. 38, 39.) Specifically, Carter contends:

> After Petitioner's Conviction and Sentencing Counsel did not avail himself of the opportunity and duty of securing Petitioner's due process right to appeal the conviction and sentence, by filing a Notice Of Appeal upon behalf of Petitioner, or an Anders Brief stating that Petitioner had no non-frivilous [sic] claims to appeal.

(§ 2255 Mot. 5.) The Court referred the remaining claim to the undersigned Magistrate Judge for an evidentiary hearing. (Docket No. 39.)

This Court ordered that counsel be appointed to Carter and an evidentiary hearing scheduled as to the remaining issue raised in Carter's § 2255 motion: whether trial counsel failed to file an appeal despite Carter's request that he do so. (Docket No. 40.) On March 23, 2011, the Court held an evidentiary hearing.

## II. Standard of Review and Burden of Proof

A petitioner collaterally attacking his or her conviction bears the burden of proving that the conviction imposed violated the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. The petitioner has the burden of proving the grounds for the collateral attack by a preponderance of the evidence. *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967); *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004). In a § 2255 proceeding, a court may hold an evidentiary hearing to "determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255(b). When making findings of fact, the court should determine the credibility of witnesses and reliability of other evidence. *See United States v. Roane*, 378 F.3d 382, 393-94, 409 n.15 (4th Cir. 2004).

## III. Findings of Fact

Supplementing the procedural events above, the Court makes the following findings of fact based on testimony and exhibits submitted at the evidentiary hearing.

1. On January 7, 2008, the United States filed an enhancement based on Carter's prior felony drug convictions, doubling the mandatory minimum Carter faced on Count One to ten years of imprisonment and increasing the statutory maximum to life imprisonment. (Docket

No. 13; Evid. Hr'g Tr. 27:23-28:6.) Wagner discussed these enhanced penalties with Carter. (Evid. Hr'g Tr. 12:1-9.) Wagner also informed Carter that if he was convicted of the distribution charges, he would likely be designated a career offender and face a guideline range of 360 months to life imprisonment. (Evid. Hr'g Tr. 11:21-25, 12:12-17, 26:23-27:2, 28:11-16.)

2. At the bench trial, the defense presented a case admitting that Carter possessed drugs for personal use, but challenging the Government's contention that Carter intended to distribute the drugs. (Evid. Hr'g Tr. 13:6-14:4, 29:3-6; *see also* Apr. 14, 2008 Sentencing Hr'g Tr. ("Sentencing Hr'g Tr."), at 8:12-15.) This trial strategy sought to avoid the enhanced penalties associated with the distribution charges. (Evid. Hr'g Tr. 29:2-11.) Judge Hudson found Carter guilty of the lesser included offenses of possession of five grams or more of cocaine base (Count One) and possession of heroin (Count Two), and both Wagner and Carter were pleased with the trial outcome. (Evid. Hr'g Tr. 14:6-14, 31:2-7.)

3. The presentence investigation report ("PSR") prepared in Carter's case included a sentencing guideline range of 77 to 96 months on Count One and indicated that Count One carried a mandatory minimum of 60 months. Carter reviewed the PSR with Wagner and knew about the applicable sentencing guideline range and the mandatory minimum. (Evid. Hr'g Tr. 6:25-7:10, 7:12-15, 15:7-9, 17:8-11.)

4. At the April 14, 2008 sentencing hearing, Judge Hudson heard argument on Carter's Motion for Variance Sentence, which requested that Carter be sentenced to the mandatory minimum of 60 months of imprisonment. (Evid. Hr'g 7:19-8:9.) Judge Hudson denied the motion, finding a variant sentence to be inappropriate given Carter's "prior criminal history," which included an "extensive history of drug convictions" and "seven suspended

impositions of sentence[s] ... for possession of heroin." (Sentencing Hr'g Tr. 13:13, 6:20, 6:24-25.) Judge Hudson sentenced Carter to 84 months of imprisonment, a sentence within the guideline range. (Evid. Hr'g Tr. 16:2-7.)

5. At the conclusion of the April 14, 2008 sentencing hearing, Judge Hudson instructed Carter as to his right to appeal:

> Mr. Carter, you have a right to appeal the decision of this Court with respect to sentencing, as well as the finding of guilty, to the U.S. Court of Appeals for the Fourth Circuit. If you wish to note your appeal on either the sentencing issues or the trial of this case, you must let Mr. Wagner know immediately because that appeal has to be noted within ten days of today. So if you intend to appeal, I suggest you talk to Mr. Wagner today, or very soon thereafter, about it.

(Sentencing Hr'g Tr. 18:11-20.) Carter, however, testified at the evidentiary hearing that he did not remember these instructions as to the ten-day time period in which to note an appeal. (Evid. Hr'g Tr. 22:15-17, 24:6-21.) Instead, Carter testified that he believed he had twelve months in which to file an appeal. (Evid. Hr'g Tr. 22:25.)

6. At the evidentiary hearing, Carter testified that immediately following the sentencing hearing, he and Wagner met in the holding cell. (Evid. Hr'g Tr. 8:15-21.) Carter stated that, during this meeting, he expressed his dissatisfaction with his sentence and explicitly told Wagner to file an appeal. (Evid. Hr'g Tr. 8:23-9:1, 23:20-24:1.) Carter explained at the evidentiary hearing that he felt the 84-month sentence was unreasonable because he could have received a 60-month sentence. (Evid. Hr'g Tr. 9:16-18, 23:20-24:5.)

7. Carter contends in his § 2255 motion and subsequent briefing that he explicitly requested Wagner to appeal his *conviction and sentence*, thus opening up the possibility of review of his conviction only as to the lesser included offenses. (§ 2255 Mot. 5; Pet'r's Reply 7.)

5

However, during the evidentiary hearing, Carter testified that he only sought to challenge his sentence in his requested appeal.

8. In an October 20, 2010 Declaration filed with the Court, Carter recounted, under penalty of perjury, this April 14, 2008 conversation with Wagner. (Carter Decl., Oct. 20, 2010.) (Docket No. 42.) In this Declaration, Carter stated he asked Wagner to appeal his sentence because Wagner "told [him he] was going to get 60 months." (Carter Decl. ¶ 3.) He further stated that Wagner "talked about the appeal" with Carter and "led [him] to believe that [Wagner] was going to appeal." (Carter Decl. ¶¶ 6-7.)

9. In contrast, at the evidentiary hearing, Carter testified that Wagner did not promise Carter he would get 60 months and that he knew the sentencing guideline range was 77 to 96 months. (Evid. Hr'g Tr. 15:7-9, 16:15-18, 17:2-11.) He also could not recall whether Wagner discussed the process of appeal or details about the appeal with Carter. (Evid. Hr'g Tr. 18:6-12.) However, Carter did recall that Wagner did not mention any ten-day time period in which to note an appeal. (Evid. Hr'g Tr. 24:22-24.) Finally, Carter testified that, at the close of the conversation, he was not sure whether Wagner would file an appeal or not. (Evid. Hr'g Tr. 10:2-4, 21:14-23, 23:10-12.)

10. Carter testified that he did not contact Wagner again until February 2009 when he "wrote a couple of letters" to Wagner asking if he had filed an appeal. (Evid. Hr'g Tr. 10:11-11:2.) Carter did not receive a response to these letters and could not provide a copy of these letters to the Court. (Evid. Hr'g Tr. 10:18-20.) Carter also testified that he had a friend call the Clerk's Office in March or April 2009 and that is how he discovered no appeal had been filed in his case. (Evid. Hr'g Tr. 19:13-18.)

11. Wagner, on the other hand, testified that he has no recollection of any communications with Carter concerning an appeal of his conviction or sentence (Evid. Hr'g Tr. 35:11-12) and stated that "if there had been such a conversation, [he is] pretty certain [he] would have remembered it" (Evid. Hr'g Tr. 42:25-43:2). Wagner recalled that Carter received a favorable disposition at trial and appeared to be pleased with the outcome. (Evid. Hr'g Tr. 31:2-11.) Wagner could not recall any meeting or conversation with Carter immediately after sentencing. (Evid. Hr'g Tr. 32:19-23, 41:20-21.) Wagner testified that he did not receive any communications from Carter after the date of sentencing and that Carter's file does not include any post-sentencing correspondence. (Evid. Hr'g Tr. 35:21-22.)

12. Wagner also described his typical practice with regard to discussing the appeal process and filing a notice of appeal. (Evid. Hr'g Tr. 39:7-18, 41:24-42:16.) Wagner testified that, had Carter requested him to file an appeal of his conviction or sentence, he would have spoken to Carter about that at length, discussing the appeal process, the ten-day time limit in which to file an appeal, and potential issues to appeal, and would have filed an appeal on Carter's behalf. (Evid. Hr'g Tr. 33:24-34:3, 42:2-16, 47:1-48:5.)

13. Having considered the above and having weighed the credibility of the witnesses, the Court finds that Carter never expressly requested that Wagner file an appeal of his conviction or his sentence. Carter's purported request to appeal his conviction as stated in his § 2255 motion and subsequent briefing cannot be reconciled with the defense's trial strategy of conceding simple possession of drugs for personal use and the favorable sentencing outcome resulting from that defense. Nor can it be reconciled, as discussed below, with any reasonable response to the trial outcome.

14. Indeed, Carter now appears to assert that he asked Wagner to appeal his sentence only, based on Judge Hudson's denial of the motion for a variance. Carter provided conflicting testimony about his sentencing expectations, the substance of the conversation in which he purportedly requested an appeal, and his understanding at the close of the conversation as to whether or not Wagner would file an appeal. The Court finds that Carter's demeanor when testifying and his lack of clarity weigh against a finding that Carter's testimony holds credence.

15. The record before the Court further demonstrates that after the sentencing date Carter did not contact Wagner or anyone else to inquire about the status of any requested appeal until approximately ten months had passed despite Judge Hudson's instructions regarding the ten-day time limit in which to file an appeal and despite Carter's testimony that he did not know whether Wagner would file an appeal or not. In contrast, Wagner credibly and candidly testified that he does not recall any conversations with Carter about an appeal. The record supports the upshot of Wagner's testimony that the convictions for lesser included offenses felt like a victory because it not only eliminated the enhanced mandatary minimum and penalties, it also obviated any concern about Carter being found to be a career offender. Wagner credibly testified that if Carter had requested an appeal, he would have filed a notice of appeal without hesitation. Ultimately, given the inconsistencies in Carter's arguments and testimony and the consistencies of Wagner's testimony to the record, the Court finds Carter's testimony lacks credibility.

## IV. Analysis

### A. Standard of Review for a Claim of Ineffective Assistance of Counsel for Failure to File an Appeal

The standard set forth by the Supreme Court of the United States in *Strickland v. Washington* governs claims of ineffective assistance of counsel. 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that the Sixth Amendment guaranteed a criminal defendant's right to reasonably effective assistance of counsel. *Id.* at 687. To prove a constitutional claim for ineffective assistance of counsel, the petitioner must first show that his or her counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must demonstrate actual prejudice from the deficiency. *Id.* at 694.

In conjunction with *Strickland*, the decision of the Supreme Court in *Roe v. Flores-Ortega* governs ineffective assistance of counsel claims for failure to file a notice of appeal. *See* 528 U.S. 470 (2000). In *Flores-Ortega*, the Supreme Court held that:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480. This determination must take into account "all the information counsel knew or should have known." *Id.*

If a consultation about appeal has occurred, counsel performs deficiently only by failing to follow the defendant's express instructions with respect to an appeal. *Id.* at 478. "[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the

9

lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). Moreover, "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement [because the defendant has waived his right to appeal] and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

If the attorney received no express instruction to file a notice of appeal, and no consultation has occurred, a court must determine "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Flores-Ortega*, 528 U.S. at 478. The prejudice prong of *Strickland* requires "that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal. If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Id.* at 484. "Thus, to prevail on an ineffective assistance claim for failing to note an appeal, a defendant need not 'demonstrate that his hypothetical appeal might have had merit,' but rather only that 'but for counsel's deficient conduct, he would have appealed.'" *Jiminez v. Vaughan*, No. 3:07cv639, 2008 WL 2329767, at *3 (E.D. Va. June 5, 2008) (*quoting Flores-Ortega*, 528 U.S. at 486).

### B. Carter's Claim Fails

#### 1. Carter Did Not Timely Instruct Wagner to File an Appeal

The record demonstrates that Carter did not ask Wagner to file an appeal of his conviction or sentence within the ten-day period following his sentencing. As discussed above, Carter's testimony that he did ask Wagner to file an appeal lacks credibility. (*Supra* Part III, ¶¶ 13-15.) Conversely, Wagner testified credibly that he did not recall any conversations with

Carter regarding an appeal of his conviction or sentence. The record before the Court is devoid of any contemporaneous verification that Carter requested Wagner to file an appeal, and Wagner's testimony is consistent with a finding that the April 14, 2008 conversation immediately after sentencing never occurred.

Carter nevertheless asserts that "[t]here is simply no way to accurately assess what verbal exchanges occurred betwixt counsel and defendant in the matter at hand, and, therefore the issue should be decided in [Carter's] favor." (Pet'r's Final Br. Supp. Proposed Findings of Facts & Conclusions of Law ¶ 15.) Carter, however, must carry the burden of proving the grounds for his collateral attack by a preponderance of the evidence, and he has failed to do so. Regardless, the Court has held an evidentiary hearing, has heard testimony and reviewed evidence in this matter, and is entitled to determine the credibility of witnesses and reliability of the evidence. *See Roane*, 378 F.3d at 393-94. Based on the record before the Court and given the inconsistencies in Carter's arguments and testimony, the Court finds that Carter never timely instructed Wagner to file an appeal of his conviction or sentence.

Additionally, Carter received information regarding the procedure for filing an appeal. Despite Carter's testimony otherwise, the Court informed Carter during the sentencing hearing that he had to file any notice of appeal within ten days.[1] Nevertheless, Carter failed to timely protest to the Court Wagner's alleged failure to file an appeal or even inquire into the status of any purportedly requested appeal.

---

[1] Wagner also testified that had any conversation regarding an appeal occurred, he would have discussed the ten-day time limit with Carter. Carter's misapprehension of a one-year period in which to file an appeal thus supports the finding that the April 14, 2008 conversation never occurred.

11

## 2. Wagner Had No Duty to Consult with Carter Regarding an Appeal

Absent an express instruction to file a notice of appeal, the Court must consider whether Wagner had a duty to consult with Carter about an appeal. *Flores-Ortega*, 528 U.S. at 480. The Constitution requires counsel to consult with the defendant about an appeal only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* "Consult," as defined by the Supreme Court, means to advise "the defendant about the advantages and disadvantages of taking an appeal, and [make] a reasonable effort to discover the defendant's wishes." *Id.* at 478.

The Court finds that Wagner had no duty to consult Carter about an appeal because the record demonstrates that a rational defendant in Carter's position would not have pursued an appeal. First, Carter received a favorable disposition at his bench trial. Carter's defense that he merely possessed the drugs for personal use instead of distribution was successful, and he received two convictions for the lesser included offenses of simple possession. Carter cannot demonstrate any basis as to why a rational defendant would want to appeal his conviction. Indeed, at the evidentiary hearing, Carter testified that he requested an appeal of his sentence only.

Second, Carter has failed to demonstrate that a rational defendant would want to appeal his sentence. Carter claims that he requested an appeal of his sentence because he felt the 84-month sentence was unreasonable in light of the fact that he could have received 60 months. Essentially, Carter claims he sought to challenge Judge Hudson's denial of the motion for a downward variance. However, the United States Court of Appeals for the Fourth Circuit has

made clear that "[a]n appellate court 'lack[s] the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so.'" *United States v. Herder*, 594 F.3d 352, 362 (4th Cir. 2010) (*quoting United States v. Brewer*, 520 F.3d 367, 371 (4th Cir. 2008)) (second alteration in original). Here, Judge Hudson stated at the sentencing hearing that he denied Carter's motion due to his prior criminal history, which included several drug distribution and possession convictions, seven of which involved suspended sentences. Judge Hudson sentenced him at the middle, not the upper end, of the recommended guideline range. The Fourth Circuit has instructed that even "when the sentencing court is silent regarding its reason for refusing a departure or a variance sentence, the appellate court is precluded from inferring that the sentencing court believed that it lacked the authority to do so." *Id.* (*citing United States v. Bailey*, 975 F.2d 1028, 1035 (4th Cir. 1992)). Thus, based on this precedent, Carter cannot demonstrate a nonfrivolous ground for appealing his sentence due to Judge Hudson's denial of his motion for a variance.

Finally, Carter failed to demonstrate that he showed any interest in filing an appeal during the ten-day appeal period. While Carter contends he explicitly requested an appeal, the Court finds that testimony not credible. (*Supra* Part III, ¶¶ 13-15.) Wagner, however, testified credibly that he had no recollection of any discussions concerning an appeal and recalled that Carter expressed his satisfaction with the outcome of the case. Accordingly, the Court finds that Wagner's failure to consult with Carter regarding an appeal does not fall below constitutional standards.

### 3. Even if Carter Expressed an Interest in Appealing His Sentence, Carter Fails to Show Prejudice

Although the Court has found that Carter's testimony about seeking an appeal lacks credibility, even presuming Carter expressed some desire to appeal his sentence, he fails to show that he suffered any actual prejudice resulting from Wagner's performance. *See Strickland*, 466 U.S. at 694. "[T]o show prejudice . . . a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. Evidence of nonfrivolous grounds for appeal or the defendant's prompt expression of a desire to appeal is relevant to demonstrating prejudice. *Id.* at 485. Where, as here, the defendant attempts to show prejudice based on what he claims was a "reasonably obvious interest in pursuing an appeal . . . [this] necessitates an additional showing 'that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.'" *Frazer v. South Carolina*, 430 F.3d 696, 708 (4th Cir. 2005) (*quoting Flores-Ortega*, 528 U.S. at 486).

Carter fails to demonstrate that with reasonable advice from Wagner regarding an appeal of his sentence, he nevertheless would have instructed Wagner to note an appeal. Carter testified that he wanted to appeal Judge Hudson's denial of the motion for a variance sentence. As discussed above, Judge Hudson's decision to deny the downward variance likely is not reviewable on appeal. *See Herder*, 594 F.3d at 362. Carter does not offer any persuasive evidence why, after consultation with Wagner about the law, he would have pursued an appeal regardless. *See Frazer*, 430 F.3d at 712 ("[A defendant] must also show that the resulting consultation would have galvanized that interest into a desire to go forward, rather than

dissuading him."). Therefore, Carter cannot show that he was prejudiced by Wagner's lack of consultation.

## V. Conclusion

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS Carter's remaining claim and DENY the § 2255 motion.

Carter is ADVISED that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to file specific objections in a timely manner to the Report and Recommendation may result in the entry of an Order denying the § 2255 motion. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841, 845 (4th Cir. 1985) (noting the general rule that "a party who fails to object to a magistrate's report is barred from appealing the judgment of a district court adopting the magistrate's findings").

Let the Clerk send a copy of the Report and Recommendation to all counsel of record and to the Honorable Henry E. Hudson.

And it is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 7-12-11

15